IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| JARED LEE, DANA ELLIS, | § | |
| MATTHEW COUNTS, | § | |
| GREGORY MCCLENDON, and | § | |
| BARRY RUSSELL, | § | |
| | § | Civil Action No. 7:22-cv-185 |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| CITY OF MIDLAND, JENNIE | § | |
| ALONZO, ROSEMARY SHARP, and | § | |
| CAMILO FONSECA | § | |

## DEFENDANTS' MOTION TO DISMISS

Defendants City of Midland, Texas (the "City"), police officer Jennie Alonzo, police

officer Camilo Fonseca, and police sergeant Rosemary Sharp, move to dismiss the Plaintiffs'

claims.

# TABLE OF CONTENTS

Table of Contents ................................................................................................................. ii

Table of Authorities ............................................................................................................ iv

Summary of the Argument ................................................................................................... 1

Nature and Stage of the Proceeding .................................................................................... 2

Plaintiffs' Allegations ......................................................................................................... 2

Argument & Authorities ...................................................................................................... 5

I.    Plaintiffs' allegations fail to state a claim under the controlling legal standard. ...................... 5

II.   Plaintiffs fail to allege a Fourteenth Amendment claim. .......................................................... 6

III.  Plaintiffs fail to allege a Fourth Amendment claim. ................................................................. 6

      A.   Probable cause bars arrest claims against officers. ......................................................... 6

      B.   Plaintiffs do not allege facts which plausibly show a claim against Officer Alonzo
           based on her warrant applications. ................................................................................... 8

           1.   The warrant affidavits do not contain false or misleading information. ................... 8

           2.   Probable cause bars the claim against Officer Alonzo based on her warrant
                applications. .............................................................................................................. 9

      C.   Plaintiffs do not allege facts which plausibly show a claim of malicious
           prosecution. ..................................................................................................................... 11

      D.   The independent intermediary doctrine also bars Plaintiffs' claims. ............................ 11

IV.   Plaintiffs fail to allege a claim of supervisory liability against Sergeant Sharp. ................... 12

V.    Plaintiffs fail to allege facts which state a plausible claim against the City. ......................... 13

      A.   The City cannot be liable because no Plaintiff was denied a protected right. ............... 13

      B.   Plaintiffs do not allege facts which plausibly show an actionable city policy. ............. 13

      C.   Plaintiffs do not allege facts which show that the City's policymaker is culpable. ....... 14

      D.   Plaintiffs do not allege facts which show that the City's policymaker was the
           moving force that directly caused any deprivation of a Plaintiff's rights. ..................... 15

VI. Plaintiffs fail to allege facts which overcome any officer's qualified immunity. ................. 16

    A.    Arguable probable cause immunizes the officers. ........................................................... 16

    B.    Sergeant Sharp and Officer Fonseca are entitled to qualified immunity because no factual allegation shows either officer assisted in preparing the warrant affidavits. ...... 17

    C.    Plaintiffs have not alleged facts which show that Officer Alonzo's application for warrants was clearly unlawful. ..................................................................................... 17

VII. Plaintiffs' claims asserted under Texas law are barred by individual immunity. .................. 18

Conclusion ..................................................................................................................................... 19

Certificate of Service ..................................................................................................................... 20

TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)..................................................................................5, 6, 11, 14

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007)........................................................................................................11

*Bennett v. City of Slidell,*
  728 F.2d 762 (5th Cir.) (en banc), cert. denied, 472 U.S. 1016 (1985) ...................................13

*Board of the County Commissioners of Bryan County Oklahoma v. Brown,*
  520 U.S. 397 (1997)....................................................................................................14, 15

*Buehler v. Dear,*
  27 F.4th 969 (5th Cir. 2022) ...............................................................................................12

*City of Los Angeles v. Heller,*
  475 U.S. 797, 106 S. Ct. 1571 (1986)..................................................................................13

*Club Retro LLC v. Hilton,*
  568 F.3d 181 (5th Cir. 2009) .........................................................................................7, 16

*Conn v. Gabbert,*
  526 U.S. 286 (1999)........................................................................................................6

*Covington v. City of Madisonville,*
  812 Fed. Appx. 219 (5th Cir. 2020)......................................................................................13

*Cuadra v. Houston Independent School District,*
  626 F.3d 808 (5th Cir. 2010) ...............................................................................................11

*Davidson v. City of Stafford,*
  848 F.3d 384 (5th Cir. 2017) ................................................................................................7

*Devenpeck v. Alford,*
  543 U.S. 146 (2004)..............................................................................................6, 7, 10

*District of Columbia v. Wesby,*
  138 S. Ct. 577 (2018)......................................................................................................6, 16

*Eclipse Aesthetics LLC v. RegenLab USA, LLC,*
  Civil Action No. 3:15-cv-03748-M, 2016 U.S. Dist. LEXIS 105920 (N.D.
  Tex. 2016) (Lynn, B. C.J.) ..................................................................................................2

*Franka v. Velasquez*,
332 S.W.3d 367 (Tex. 2011)................................................................18

*Franks v. Delaware*,
438 U.S. 154 (1978)..............................................................8, 9, 12, 17

*Freeman v. County of Bexar*,
210 F.3d 550 ......................................................................................17

*Garza v. Harrison*,
574 S.W.3d 389 (Tex. 2019).............................................................19

*Gomez v. Galman*,
18 F.4th 769 (5th Cir. 2021) .............................................................14

*Gonzalez v. Ysleta Indep. Sch. Dist.*,
996 F.2d 745 (5th Cir. 1993) ............................................................13

*Hand v. Gary*,
838 F.2d 1420 (5th Cir. 1988) ..........................................................11

*Hart v. O'Brien*,
127 F.3d 424 (5th Cir. 1997) ............................................................17

*Hein v. North Carolina*,
135 S. Ct. 530 (2014).........................................................................7

*Illinois v. Gates*,
462 U.S. 213 (1983)..........................................................................10

*James v. Harris County*,
577 F.3d 612 (5th Cir. 2009) ............................................................15

*Lovelace v. Software Spectrum*,
78 F.3d 1015 (5th Cir. 1996) ..............................................................2

*McKee v. City of Rockwall*,
877 F.2d 409 (5th Cir.), *cert. den'd*, 493 U.S. 1023 (1990)..............13

*Melton v. Phillip*s,
875 F.3d 256 (5th Cir. 2017) (en banc) .......................................12, 17

*Mendenhall v. Riser*,
213 F.3d 226 (5th Cir. 2000) ........................................................17, 18

*Morrow v. Meachum*,
917 F.3d 870 (5th Cir. 2019) ............................................................16

*Pfannstiel v. City of Marion,*
    918 F.2d 1178 (5th Cir. 1990) ...................................................17

*Pierce v. Smith,*
    117 F.3d 866 (5th Cir. 1997) .....................................................16

*Pineda v. City of Houston,*
    291 F.3d 325 (5th Cir. 2002) .....................................................14

*Piotrowski v. City of Houston,*
    237 F.3d 567 (5th Cir. 2001) .................................................14, 15

*Price v. Roark,*
    256 F.3d 364 (5th Cir. 2001) .......................................................7

*Rios v. City of Del Rio,*
    444 F.3d 417 (5th Cir. 2006) .....................................................13

*Roberts v. City of Shreveport,*
    397 F.3d 287 (5th Cir. 2005) .................................................12, 14

*Scott v. United States,*
    436 U.S. 128 (1978).....................................................................7

*Smith v. Heap,*
    31 F.4th 905 (5th Cir. 2022) ......................................................19

*Snyder v. Trepagnier,*
    142 F.3d 791 (5th Cir. 1998) .....................................................13

*Solis v. Serrett,*
    31 F.4th 975 (5th Cir. 2022) ......................................................18

*Spiller v. City of Texas City,*
    130 F.3d 162 (5th Cir. 1997) .....................................................14

*State v. Kleinert,*
    855 F.3d 305 (5th Cir. 2017) .......................................................6

*Templeton v. Jarmillo,*
    28 F.4th 618 (5th Cir. 2022) ......................................................16

*Terwilliger v. Reyna,*
    4 F.4th 270 (5th Cir. 2021) .................................................9, 10, 12

*Thompkins v. Belt,*
    828 F.2d 298 (5th Cir. 1987) .....................................................12

*Thompson v. Clark,*
 142 S. Ct. 1332 (2022) ...........................................................................6, 11

*Trammell v. Fruge,*
 868 F.3d 332 .....................................................................................................18

*Valle v. City of Houston,*
 613 F.3d 536 (5th Cir. 2010) ........................................................................13

*Winfrey v. Rogers,*
 901 F.3d 483 (5th Cir. 2018) ....................................................................6, 8, 9

**Statutes**

42 U.S.C. § 1983 ....................................................................................2, 12, 13, 15

TEX. CIV. PRAC. & REM. CODE § 101.106 .................................................................18

TEX. FAM. CODE § 261 .........................................................................................7, 11

TEX. FAM. CODE § 261.001 .......................................................................................7

TEX. FAM. CODE § 261.101 .......................................................................................7

TEX. FAM. CODE § 261.101(b) ...................................................................................7

TEX. FAM. CODE § 261.103(a) ...................................................................................7

TEX. FAM. CODE § 261.109 .......................................................................................8

Texas Tort Claims Act ..............................................................................................19

**Other Authorities**

Fourth Amendment .......................................................................................2, 6, 8, 11

Fourteenth Amendment ...................................................................................................2, 6

## SUMMARY OF THE ARGUMENT

1.      The Supreme Court has established an analytical procedure for appropriately assessing whether allegations in a complaint plausibly state a claim for relief. Under that procedure, a court must use its judicial experience and common sense in performing a contextually sound review of allegations in a complaint. The allegations in the lawsuit complaint filed by former Midland Christian School Superintendent Jared Lee, Principal Dana Ellis, Assistant Principal Matthew Counts, Athletic Director Gregory McClendon, and Baseball Coach Barry Russell (collectively, the "Plaintiffs") against the City and its police officers fails to satisfy the standard required to subject the Defendants to liability or further burdens of litigation.

2.      This suit arises from an incident in which a young student suffered a physical assault that included a baseball bat. The Plaintiffs' complaint mischaracterizes the nature of said assault as mere "horseplay," and the reported criminal conduct as mere unsubstantiated "rumors."

3.      The attack occurred; its existence is not a rumor. And the child who was assaulted is a real victim, not an "alleged victim," as former Superintendent Jared Lee, Principal Dana Ellis, Assistant Principal Matthew Counts, Athletic Director Gregory McClendon, and Baseball Coach Barry Russell repeatedly characterize the abused child. [Doc. 1, ¶¶ 6, 31, 32, 35, 65, 66, 68, 72].

4.      Throughout the complaint, the Plaintiffs allege the abused student was just involved in horseplay. There are no facts which show that the victim of the assaults characterized the ordeal he endured as horseplay, and the laws of the State of Texas certainly do not condone the assault on the student.

5.      When former Superintendent Jared Lee, Principal Dana Ellis, Assistant Principal Matthew Counts, Athletic Director Gregory McClendon, and Baseball Coach Barry Russell learned that a student had been assaulted, they each ignored their legal obligations to report the criminal conduct to law enforcement authorities. Even after a student's parent reminded the Plaintiffs, in writing, of

1

their obligations under the law to report to law enforcement authorities the assault of the student, the Plaintiffs continued to conceal the assault from authorities.

6.     After Midland Police Department officers learned of the actions and inactions of the Plaintiffs, the Plaintiffs chose not to voluntarily aid the officers in investigating the victimized student's assault. The Court should dismiss this lawsuit because the Plaintiffs' complaint fails to state a claim for relief against the Defendants.

NATURE AND STAGE OF THE PROCEEDING

7.     The Plaintiffs assert claims under 42 U.S.C. § 1983 and Texas law. The Plaintiffs' federal claims are based upon asserted violations of the Fourth and Fourteenth Amendments. The Plaintiffs claim Defendants, Officer Alonzo, Officer Fonseca, and Sergeant Sharp arrested the Plaintiffs without probable cause; claim Officer Alonzo obtained arrest warrants that did not support arrests; claim all Defendant officers committed a malicious prosecution; claim Sergeant Sharp is liable as a supervisor; and claim the City is liable based on its policies. The Plaintiffs also assert claims of false arrest, false imprisonment, and malicious prosecution against Officer Alonzo, Officer Fonseca, and Sergeant Sharp under Texas law.

PLAINTIFFS' ALLEGATIONS

***Records Supplement Plaintiffs' Allegations***

8.     Because "documents are referred to in the plaintiff's complaint and are central to the plaintiff's claims, but not attached, [Defendants] attach them to a motion to dismiss and they [should] be considered" in determining whether the Plaintiff's state a claim.  *See Lovelace v. Software Spectrum*, 78 F.3d 1015, 1017 (5th Cir. 1996); *Eclipse Aesthetics LLC v. RegenLab USA, LLC*, Civil Action No. 3:15-cv-03748-M, 2016 U.S. Dist. LEXIS 105920, at *6 (N.D. Tex. 2016) (Lynn, B. C.J.) (internal citations omitted). Since the Plaintiffs' complaint is replete with

2

references to the arrest warrants[1] and email communications [2] central to the Plaintiffs' claims, the Defendants attach the arrest warrants and supporting affidavits as Exhibits 1-5, and Email communications as Exhibit 6.

9.      Dr. Matthew Friez, M.D., a concerned parent whose son attended Midland Christian School reported to school Plaintiff Lee that Dr. Friez's son "claimed that he was directly told by the student that his anus was penetrated far up with the bat." [Exhibit 6-7]. Dr. Friez also informed Plaintiff Lee that "[m]y own son told my wife that the student came out crying and reported that he was crying because older baseball players stuck a baseball bat far up his anus."  [Exhibit 6-9].

10.    Dr. Friez further informed Plaintiffs Lee, Ellis, and Russell that the law requires school officials to report the attack of the minor student to the police. [Exhibits 6-10-11, 6-15]. Dr. Friez repeatedly pleaded with Plaintiffs Lee, Ellis, and Russell to report the attack to the police. [Exhibits 6-10-11, 6-15]. Dr. Friez reported to Plaintiffs Lee, Ellis, and Russell that school personnel were not qualified to investigate the crime. [Exhibit 6-7]. Plaintiffs, nonetheless, refused to report the crime to the police. [Exhibits 6-8, 6-11].

11.    The police officers who later investigated the assault, and school officials' failure to report the crime, after Dr. Friez contacted the police obtained from Midland Christian School a copy of these email correspondences. [Exhibits 6-1-18]. The investigator who prepared and presented the warrant affidavits included information from these email correspondences in the warrant affidavits.  [Exhibits 1-5].

---

[1] Doc. 1, p. 20-26.

[2] Doc. 1, pp. 25-26 Email communications between the concerned parent and Plaintiffs Lee, Russell, Ellis dated January 27, 2022.

12.     On January 20, 2022, Plaintiff Ellis learned of an incident in which a freshman student may have been injured in a school locker room. [Doc. 1, ¶¶ 28-32]. The following day, Plaintiff Ellis directed the school's athletic director, Plaintiff McClendon, to investigate the information. *Id*. Plaintiff Ellis also informed Plaintiff Lee of the school's investigation. *Id*. Plaintiff Ellis initiated the investigation because initially he did not know the identity of the alleged perpetrator or the identity of the ninth-grade female student that reported the incident. *Id*. The victim, alleged student-perpetrator, and Plaintiff Ellis' son are members of the school's baseball team. [Doc. 1, ¶¶ 33-34]. Plaintiff McClendon recruited the school's Assistant Principal, Plaintiff Counts, to conduct the investigation one day after Plaintiff Ellis learned of the alleged abuse. *Id.* at ¶ 34. Plaintiffs McClendon and Counts spoke with several baseball players about the allegation, including the victim. *Id*. "These players consistently reported" that a student held a clothed freshman student on the ground while the upper classman "poked the freshman on his bottom with a bat…" The students allegedly characterized this activity as "not a big deal." The freshman victim denied the bat "penetrated his 'butt hole.'" *Id*.

13.     Four days after learning a freshman student was held down against his will and poked on his bottom with a baseball bat, Plaintiffs continued the school investigation – without notifying any law enforcement professional or the Texas Department of Family and Protective Services - on January 24, 2022, when Plaintiff recruited Plaintiff Russell into the school investigation.   [Doc. 1, ¶ 35]. After Plaintiff Russell held a meeting with the baseball team on January 24, 2022, the perpetrator later admitted to Plaintiff Counts and Russell that the perpetrator had held the freshman victim down and poked the freshman with a bat. *Id*. at ¶¶ 36-37. No Plaintiff reported the assault to law enforcement or the Department of Family and Protective Services. Instead, Plaintiffs chose

to punish the admitted criminal conduct only through school disciplinary action, which did not include expulsion. *Id*. at ¶ 36-37. One week after the admitted assault, a student informed his father of information about the crime and the concerned parent reported his concern to Plaintiff Lee. *Id* at 39. Plaintiff Lee told the student's parent "that the incident had been handled appropriately and that [the father's] account was completely inconsistent with what had occurred." *Id*. at ¶ 39. Even after the concerned parent expressly informed Plaintiff Lee, in writing, of his obligation under the law to report the assault to law enforcement authorities [Exhibits 6-8, 6-11], Plaintiff Lee still refused to report the assault to law enforcement. Doc. 1, at ¶ 39.

14.     On January 28, 2022, the concerned parent informed the Midland Police Department of the assault eight days after Plaintiffs Lee and Ellis had learned of the incident, seven days after Plaintiffs McClendon and Counts learned of the incident, and four days after Plaintiff Russell learned of the incident. *Id*. Midland police officers commenced an investigation after being notified by the concerned parent of the assault. *Id*. at ¶ 40. After investigating the facts, Officer Alonzo arrested the perpetrator of the assault. *Id* at ¶¶ 44. After investigating the facts, Officer Alonzo presented affidavits to a magistrate who issued warrants commanding the arrests of each Plaintiff. Exhibits 1-5. The Plaintiffs allege the warrants did not authorize the Plaintiffs' arrests. *Id*. and Complaint at ¶¶ 52-68. On February 16, 2022, the Plaintiffs were arrested under the authority of the warrants the magistrate issued. *Id* at ¶¶ 50-54. The Plaintiffs claim that probable cause did not support their arrests. *Id.* at ¶¶ 80-97.

ARGUMENT & AUTHORITIES

## I.     Plaintiffs' allegations fail to state a claim under the controlling legal standard.

15.     In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court enunciated the pleading standard required for a plaintiff to state a plausible claim for relief and detailed the appropriate method for analyzing the adequacy of pleading allegations under the controlling standard. Under

that governing standard, the Court must perform "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. 679. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## II.    Plaintiffs fail to allege a Fourteenth Amendment claim.

16.    The Plaintiffs complain of alleged unconstitutional seizures. The Supreme Court has held "that where another provision of the Constitution 'provides an explicit textual source of constitutional protection,' a court must assess a plaintiff's claims under that explicit provision and 'not the more generalized notion of substantive due process.'" *Conn v. Gabbert*, 526 U.S. 286, 293 (1999) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989). The Plaintiffs cannot state a Fourteenth Amendment claim based on allegations that are controlled under Fourth Amendment standards. *See Winfrey v. Rogers,* 901 F.3d 483, 492 (5th Cir. 2018); *Thompson v. Clark*, 142 S. Ct. 1332, 1337 (2022).

## III.    Plaintiffs fail to allege a Fourth Amendment claim.

### A.    Probable cause bars arrest claims against officers.

17.    The Fourth Amendment requires an arrest to be supported by probable cause. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). "Probable cause 'is not a high bar.'" *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018) (*quoting Kaley v. United States*, 571 U.S. 320, 338 (2014)). "Probable cause exists when all of the facts known by a police officer 'are sufficient for a reasonable person to conclude that the suspect had committed, or was in the process of committing, an offense.'" *State v. Kleinert*, 855 F.3d 305, 316 (5th Cir. 2017) (quoting *United States v. Castro*, 166 F.3d 728, 733 (5th Cir. 1999)).

18. Probable cause to arrest the Plaintiffs for committing *any offense* bars all claims based on the propriety of their arrests. *Compare, Devenpeck*, 543 U.S. at 153; *Club Retro LLC v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009). Probable cause is determined based "**on the validity of the arrest**, not the validity of each individual charge made during the course of the arrest." *See Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001) (emphasis added). "[T]he fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action." *Scott v. United States*, 436 U.S. 128, 136 (1978). The propriety of Plaintiffs' arrest is not judged by the charge Officer Alonzo filed but, instead, on *any* charge supported by probable cause that a reasonable officer *could have filed* based on the facts. *Compare Hein v. North Carolina*, 135 S. Ct. 530, 539 (2014); and *Davidson v. City of Stafford*, 848 F.3d 384, 392 (5th Cir. 2017).

19. Chapter 261 of the Texas Family Code provides the legal standards for *Investigation of Report of Child Abuse and Neglect*. "A person having reasonable cause to believe that a child's physical or mental health or welfare has been adversely affected by abuse or neglect by any person shall immediately make a report as provided by this chapter." TEX. FAM. CODE § 261.101. Additionally, being professional educators, the Plaintiffs were further required to make a report not later than the 48th hour after the hour the professional had reasonable cause to believe that the child has been a victim of abuse. *See* TEX. FAM. CODE § 261.101(b). The sexual contact at issue in this case meets the elements of "indecency of a child," as referenced in TEX. FAM. CODE § 261.001 which does not provide an exception for contact through clothing or require penetration of the anus. The Plaintiffs were required to make reports to a law enforcement agency or to the Department of Family and Protective Services. *See* TEX. FAM. CODE § 261.103(a). The allegations

in the Plaintiffs' complaint show that former Superintendent Jared Lee, Principal Dana Ellis, Assistant Principal Matthew Counts, Athletic Director Gregory McClendon, and Baseball Coach Barry Russell committed crimes when they failed to make the required report, so each Plaintiff was subject to lawful arrest supported by probable cause. *See* TEX. FAM. CODE § 261.109.

**B.  Plaintiffs do not allege facts which plausibly show a claim against Officer Alonzo based on her warrant applications.**

**1.  The warrant affidavits do not contain false or misleading information.**

20.  Plaintiffs have not alleged facts which plausibly support a claim against Officer Alonzo under the *Franks v. Delaware*, 438 U.S. 154, 172 (1978) doctrine. Under *Franks,* a "defendant's Fourth Amendment rights are violated if (1) the affiant, in support of the warrant, includes 'a false statement knowingly and intentionally, or with reckless disregard for the truth' and (2) 'the allegedly false statement is necessary to the finding of probable cause.'" *Winfrey*, 901 F.3d at 494 (quoting *Franks* 438 U.S. 155-156).

21.  The warrant affidavits and email correspondences central to Plaintiffs' claims filed as exhibits to this motion show that the warrant affidavits Officer Alonzo presented to a magistrate do not contain false or misleading information. Instead, the email correspondences show that the information in the warrant affidavits accurately recited information available to Officer Alonzo when she submitted affidavits to the magistrate who issued the arrest warrants.

22.  Most importantly, the Plaintiffs never allege that they reported to law enforcement the criminal assault the Midland Christian School suffered. The excuses offered in the Plaintiffs' complaint regarding their failure to report the abuse do not show that any Defendant committed misconduct. The allegations in the Plaintiffs' complaint do not show that any Plaintiff's conduct was lawful.

23.    Moreover, and contrary to the Plaintiffs' assertions that Dr. Frieze lacked first-hand information about the assault, the email correspondences plainly show that Dr. Frieze informed Plaintiffs Lee, Ellis, and Russell that Dr. Frieze was conveying to school administrators information a student obtained directly from the assault victim. [Exhibits 6-8, 6-11]. The Plaintiffs' decisions to reject that information did not relieve them of their obligations to comply with the law that required them to report the assault to law enforcement authorities.

24.    The allegations in ¶ 68 of the Plaintiffs' complaint do not plausibly show that Officer Alonzo submitted to the magistrate any false statement whether knowingly, intentionally, or with reckless disregard for the truth. *See Winfrey*, 901 F.3d at 494.

### 2.    Probable cause bars the claim against Officer Alonzo based on her warrant applications.

25.    Likewise, the allegations in ¶ 68 of the Plaintiffs' complaint do not plausibly show that a properly rehabilitated affidavit would not demonstrate probable cause to arrest a Plaintiff. *See id*. Under the second prong of analysis of a claim under *Franks*, "the essential inquiry is whether 'there remains sufficient content in the warrant affidavit to support a finding of probable cause' *after* the 'material that is the subject of the alleged falsity or reckless disregard is set to one side.'" *Terwilliger v. Reyna*, 4 F.4th 270, 281-82 (5th Cir. 2021) (quoting *Franks* 438 U.S. 172). This Court "must examine the 'corrected affidavit' and determine whether probable cause for the issuance of the warrant survives the deleted false statements and material omissions. *Winfrey*, 901 F.3d at 495. "The warrant will be valid only if the corrected affidavit establishes probable cause for [Plaintiffs'] arrest." *Id.*

26.    Excising the purported false statements and material omissions, this Court is left with the undisputed facts that 1) a concerned parent informed Plaintiff Ellis that a student was sexually assaulted at baseball practice on January 18, 2020; 2) Plaintiff Ellis did not report the allegation to

police and instead informed Plaintiff Lee of the allegation; 3) Plaintiff Lee ordered Plaintiffs McClendon and Counts to conduct an investigation in direct contradiction of the reporting statute mandating Plaintiffs to report—not to investigate—the allegation within 48 hours; 4) the Plaintiffs summarily concluded the victim was held down against his will and had a baseball bat shoved around his butt with pants on, but the baseball bat did not penetrate the victim's anus; 5) One week later, Dr. Friez learned of the sexual assault allegation and pleaded with the Plaintiffs to simply call the appropriate authorities; 6) the Plaintiffs refused to notify the authorities; 7) Dr. Friez contacted Officer Alonzo informing Officer Alonzo that a student was sexually assaulted on January 18, 2020; 8) Plaintiff Lee acknowledged an incident occurred that day where a baseball bat was "pushed around [the victim's] bottom"; and 9) a forensic interview of the victim found that the victim was sexually assaulted.

27.     "Probable cause is a 'practical, nontechnical conception' that deals with 'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'" *Terwilliger*, 4 F.4th at 282 (quoting *Maryland v. Pringle*, 540 U.S. 366, 370 (2003)). Probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates*, 462 U.S. 213, 323 (1983). An officer's subjective state of mind is irrelevant to the probable cause analysis. *See Devenpeck*, 543 U.S. at 153. Rather, in making a probable cause analysis "courts must look to the 'totality of the circumstances' and decide 'whether these historical facts, viewed from the standpoint of an objectively reasonable police officer' demonstrate 'a probability or substantial chance of criminal activity.'" *Terwilliger* 4 F.4th at 282 (quoting *Wesby*, 138 S. Ct. at 586).

28.     Here, excluding the allegedly false statements and purported material omissions, the totality of the circumstances conclusively shows that the Plaintiffs were informed of an assault of

a child, but the Plaintiffs failed to report the incident as they were required to do under the Texas Family Code. Accordingly, the warrant affidavits certainly establish that probable cause existed to believe that the Plaintiffs failed to make a report as required by Chapter 261 of the Texas Family Code.

### C. Plaintiffs do not allege facts which plausibly show a claim of malicious prosecution.

29. "American courts described the elements of the malicious prosecution tort as follows: (i) the suit or proceeding was "instituted without any probable cause"; (ii) the "motive in instituting" the suit "was malicious," which was often defined in this context as without probable cause and for a purpose other than bringing the defendant to justice; and (iii) the prosecution "terminated in the acquittal or discharge of the accused." *Thompson v. Clark*, 142 S. Ct. 1332, 1338 (2022). Consistent with *Twombly* and *Iqbal* each of these elements must be established by factual allegations, not conclusory statements as the Plaintiffs have done here. *Iqbal*, 556 U.S. 678 (quoting *Twombly*, 127 S. Ct. 1966). Further, the documentary evidence referenced in the Plaintiffs' complaint and central to their claims shows probable cause for an arrest, thus negating the necessary element for a malicious prosecution claim.

### D. The independent intermediary doctrine also bars Plaintiffs' claims.

30. The independent intermediary doctrine further confirms probable cause for Plaintiffs' arrest. Under the independent intermediary doctrine, the chain of causation linking an officer to an alleged Fourth Amendment violation is broken where, as here, the facts relevant to the probable cause analysis are presented to an independent intermediary for independent analysis. *See Cuadra v. Houston Independent School District*, 626 F.3d 808, 813 (5th Cir. 2010). This doctrine applies even if an officer acted maliciously. *Hand v. Gary*, 838 F.2d 1420, 1427 (5th Cir. 1988). Plaintiffs'

claims are barred because a magistrate found probable cause for each Plaintiff's arrest. *See also Buehler v. Dear*, 27 F.4th 969, 990-92 (5th Cir. 2022).

**IV.     Plaintiffs fail to allege a claim of supervisory liability against Sergeant Sharp.**

31.     "Under section 1983, supervisory officials are not liable for the actions of subordinate officers on any theory of vicarious liability." *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). Rather, "a supervisor may be held liable if there exists either (1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Id* at 304.

32.     The Plaintiffs cannot extend the scope of a claim under *Franks*, by simply pleading it as a supervisory liability claim. The Plaintiffs do not purport to directly assert a claim against Sergeant Sharp or Officer Fonseca based on *Franks* but attempt to backdoor a claim against Sergeant Sharp as a supervisory claim. Such a claim is barred, as a matter of law. *See Melton v. Phillip*s, 875 F.3d 256, 266 (5th Cir. 2017) (en banc); *Terwilliger*, 4 F.4th at 283. The Plaintiffs do not allege facts which show that Sergeant Sharp prepared, presented, signed, or provided information for use in any warrant affidavit. Therefore, the Plaintiffs have not alleged facts which plausibly show a claim against Sergeant Sharp based on the warrant affidavits. *See id*. Moreover, for all the reasons discussed *supra*, the Plaintiffs purported supervisory claim against Sergeant Sharp based on the claimed absence of probable cause fails because probable cause supported the Plaintiffs' arrests.

33.     Otherwise, the Plaintiffs make only conclusory assertions of supervisory liability without alleging facts which plausibly support such a claim. To state a supervisory claim against Sergeant Sharp, the Plaintiffs must allege facts which show that "(1) [Sergeant Sharp] failed to supervise or train the officer; (2) a causal connection existed between the failure to supervise or train and the violation of [a] plaintiff's rights; and (3) the failure to supervise or train amounted to deliberate indifference to [a] plaintiff's constitutional rights." *See Roberts v. City of Shreveport*, 397 F.3d

287, 292 (5th Cir. 2005). "Deliberate indifference is a stringent standard, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Valle v. City of Houston*, 613 F.3d 536, 547 (5th Cir. 2010) (citation omitted). The Plaintiffs fail to allege facts that show a plausible claim against Sergeant Sharp under any element of the required test.

## V. Plaintiffs fail to allege facts which state a plausible claim against the City.

### A. The City cannot be liable because no Plaintiff was denied a protected right.

34. The Plaintiffs fail to state a claim against the City under federal law § 1983 because the Plaintiffs' allegations do not show any violation of federal law. Therefore, the Plaintiffs' claims against the City must be dismissed. *City of Los Angeles v. Heller*, 475 U.S. 797, 811, 106 S. Ct. 1571, 1573 (1986); *Rios v. City of Del Rio*, 444 F.3d 417, 426 (5th Cir. 2006); *McKee v. City of Rockwall*, 877 F.2d 409, 414 (5th Cir.), *cert. den'd*, 493 U.S. 1023 (1990).

### B. Plaintiffs do not allege facts which plausibly show an actionable City policy.

35. Even if, *arguendo*, the Plaintiffs could state a claim against any Defendant officer, Plaintiffs' allegations cannot support a claim for relief against the City because there is no allegation the City committed a constitutional violation. *See Snyder v. Trepagnier*, 142 F.3d 791, 795 (5th Cir. 1998). To state a claim against the City, the Plaintiffs must "plead facts that plausibly support each element of § 1983 municipal liability." *Covington v. City of Madisonville*, 812 Fed. Appx. 219, 224 (5th Cir. 2020) (quoting *Peña v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018)). To state a claim, the Plaintiffs must allege facts showing: (1) an unconstitutional policy existed; (2) a policymaker knowingly created or tolerated the policy; and (3) the policy was the moving force that directly caused the violation of a plaintiff's rights. *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir.) (en banc), cert. denied, 472 U.S. 1016 (1985). "[Governmental] liability must be predicated upon a showing of 'fault,' not merely 'responsibility.'" *Gonzalez v. Ysleta Indep. Sch. Dist.*, 996 F.2d 745, 757 (5th Cir. 1993).

36.     To avoid dismissal, "[t]he [Plaintiffs'] description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir. 1997). The Constitution provides protections from a government causing a constitutional deprivation, but it does not require a governmental entity to enact a transcendent policy that prevents violations. *See Roberts,* 397 F.3d at 293; *Pineda v. City of Houston*, 291 F.3d 325, 333 (5th Cir. 2002). The City is entitled to insist that the Plaintiffs identify a specific policy for which the City's policymaker could be held liable, *Piotrowski v. City of Houston*, 237 F.3d 567, 578-81 (5th Cir. 2001), and the Plaintiffs have failed to do so.

37.     The Plaintiffs fail to allege facts showing a "widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Gomez v. Galman*, 18 F.4th 769, 780 (5th Cir. 2021). The Plaintiffs make only conclusory assertions in ¶¶ 107-112 that the City was aware of Officer Alonzo's purported unconstitutional behavior in this particular instance. Even if true and supported by facts, this assertion fails to reconcile that "customary municipal policy cannot ordinarily be inferred from single constitutional violations." *See Galman*, 18 F.4th 780 (citing *Piotrowski* F.3d at 581). The Plaintiffs' conclusory assertions are barren of any factual allegation entitled to an assumption of the truth under *Iqbal*, 556 U.S. at 680-81.

   C.     **Plaintiffs do not allege facts which show that the City's policymaker is culpable.**

38.     The Plaintiffs fail to allege facts which show that the City's policymaker is culpable for any unconstitutional City policy. When "a plaintiff seeking to establish [governmental] liability on the theory that a facially lawful [governmental] action has led an employee to violate a plaintiff's rights must demonstrate the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." *Board of the County Commissioners of Bryan County Oklahoma*

*v. Brown*, 520 U.S. 397, 407 (1997). This standard applies to the Plaintiffs' policy claims, as well as claims based on argued *inadequacies* in training and supervision of officers. The Plaintiffs' complaint contains no factual allegation that the City's policymaker established or approved an unconstitutional policy, or that a City policymaker was aware of an unconstitutional policy and, nonetheless, deliberately chose to maintain the unconstitutional policy.

### D. Plaintiffs do not allege facts which show that the City's policymaker was the moving force that directly caused any deprivation of a Plaintiff's rights.

39. Not only have the Plaintiffs failed to allege facts which show an unconstitutional policy of the City's policymaker, the Plaintiffs have also failed to allege facts which show that any such policy was the moving force that directly caused a violation of the Plaintiffs' federally protected rights. *See James v. Harris County*, 577 F.3d 612, 618-619 (5th Cir. 2009). To state a claim against the City, the Plaintiffs must allege facts which identify a specific unconstitutional governmental policy for which the City's policymaker may be held liable that was the "moving force" driving individual conduct such that the identified policy caused unconstitutional treatment. *Piotrowski*, 237 F.3d at 578-81. "[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The Plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged." *Brown*, 520 U.S. at 404. To hold otherwise would be a clear departure from controlling precedent regarding municipal liability in a § 1983 claim; therefore, to subject a governmental entity to liability under § 1983, "[i]n addition to culpability, there must be a direct causal link between the municipal policy and the constitutional deprivation." *Piotrowski*, 237 F.3d at 579. It is crucial the requirements of governmental culpability and governmental causation "not be diluted, for '[w]here a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into *respondeat superior* liability." *Piotrowski*, 237 F.3d at 579 (quoting *Snyder*, 142 F.3d at 798).

**VI.     Plaintiffs fail to allege facts which overcome any Defendant officer's qualified immunity.**

40.     "To overcome the officers' qualified immunity defense, plaintiff must allege facts showing that the officers' (1) 'violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Templeton v. Jarmillo*, 28 F.4th 618, 621 (5th Cir. 2022) (quoting *Ashcroft v. Al-Kidd*, 563 U.S. 731-35 (2011). "Because the officers invoked a qualified immunity defense, the burden shifts to [Plaintiffs] to show the officers violated [their] clearly established rights. *Id*. "The second question—whether the officer violated clearly established law—is a doozy." *Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019). "A right is clearly established [only] when it is defined 'with sufficient clarity to enable a reasonable official to assess the lawfulness of his conduct.'" *Jarmillo*, 28 F.4th 621(citing *McClendon v. City of Columbia*, 305 F.3d 314, 331 (5th Cir. 2002). "Although a plaintiff does not need to identify a case 'directly on point' to meet this burden, he must identify caselaw that 'place[s] the statutory or constitutional question beyond debate.'" *Jarmillo*, 28 F.4th 621 (quoting al-Kidd, 563 U.S. 731, 741, (2011)). "Overcoming qualified immunity requires showing clearly established law supporting the plaintiff's claim, and that demands 'that the legal principle clearly prohibit the officer's conduct in the particular circumstances before him.'" *Jarmillo*, 28 F.4th 621 (quoting *Wesby*, 138 S. Ct. at 590. This portion of the analysis "focuses not only on the state of the law at the time of the complained of conduct, but also on the particulars of the challenged conduct and/or factual setting in which it took place." *Pierce v. Smith*, 117 F.3d 866, 882 n. 5 (5th Cir. 1997).

**A.     Arguable probable cause immunizes the Defendant officers.**

30.     When, as here, an officer asserts qualified immunity, there need not be "actual probable cause." *Wesby*, 138 S. Ct. at 591. "Thus, plaintiffs must allege facts permitting an inference that defendants lacked **arguable** (that is, reasonable but mistaken) probable cause for the arrests." *Club*

*Retro LLC*, 568 F.3d at 207 (emphasis added). The standard for determining if a reasonable officer could have believed probable cause supported an arrest is whether "arguable probable cause" existed. *Mendenhall v. Riser*, 213 F.3d 226, 231 (5th Cir. 2000). "If reasonable public officials could differ on the lawfulness of the defendant's actions, the defendant is entitled to qualified immunity." *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990). Arguable probable cause immunizes an arresting officer.

### B. Sergeant Sharp and Officer Fonseca are entitled to qualified immunity because no factual allegation shows either officer assisted in preparing the warrant affidavits.

31.   As discussed *supra,* the Plaintiffs fail to allege facts which show that Sergeant Sharp or Officer Fonseca prepared, presented, signed, or provided information for use in any warrant affidavit. *See Melton*, 875 F.3d at 266.

### C. Plaintiffs have not alleged facts which show that Officer Alonzo's application for warrants was clearly unlawful.

32.   "We must interpret affidavits for arrest or search warrants in a commonsense and realistic manner." *Hart v. O'Brien*, 127 F.3d 424, 443 (5th Cir. 1997). "Allegations of negligence or innocent mistake are insufficient [to overcome an officer's qualified immunity under *Franks*]." *Id* at 442. "Only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable, will the shield of immunity be lost." *Id* at 444 (quoting *Malley v. Briggs,* 475 U.S. 335, 344-45 (1986)); *see also Freeman v. County of Bexar*, 210 F.3d 550, 553-54. "In other words, there must not even 'arguably' be probable cause for the search and arrest for immunity to be lost." *Id* at 445. "Even law enforcement officials who 'reasonably but mistakenly conclude that probable cause is present' are entitled to immunity." *Mendenhall*, 213 F.3d at 230.

33.     To overcome Officer Alonzo's qualified immunity, the Plaintiffs must – but did not - allege facts which show that no objective officer could reasonably have believed Officer Alonzo's actions were lawful. If clearly established law did not put Officer Alonzo on notice her conduct was clearly unlawful, Plaintiffs have not stated a claim that overcomes immunity. *See Mendenhall*, 213 F.3d at 230.

34.     "To determine that a right is clearly established '[courts] must be able to point to controlling authority – or a robust consensus of persuasive authority – that defines the contours of the right in question with a high degree of particularity.'" *Solis v. Serrett*, 31 F.4th 975, 984 (5th Cir. 2022) (quoting *Morgan v. Swanson*, 659 F.3d 359, 371-72 (5th Cir. 2011) (en banc) (cleaned up)). "[E]xisting precedent must have placed the statutory or constitutional question beyond debate." *Trammell v. Fruge*, 868 F.3d 332, 338 (5th Cir. 2017) (quoting *al-Kidd*, 563 U.S. at 741). "The precedent must also be at 'a sufficiently high level of specificity to put a reasonable official on notice that his conduct is definitively unlawful.'" *Solis*, 31 F.4th at 984 (quoting *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015). No such precedent existed which would have informed Officer Alonzo that her actions were clearly forbidden.

## VII.     Plaintiffs' claims asserted under Texas law are barred by individual immunity.

41.     All claims asserted against the Defendant officers under Texas law are barred by Texas immunity statute Tex. Civ. Prac. & Rem. Code § 101.106.

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

*Franka v. Velasquez*, 332 S.W.3d 367, 370 (Tex. 2011).

42.     The Plaintiffs sue the Defendant officers based on conduct within the general scope of their police duties. *See Smith v. Heap*, 31 F.4th 905, 913-14 (5th Cir. 2022); and *Garza v. Harrison,* 574 S.W.3d 389, 399-400 (Tex. 2019). The Plaintiffs could, and should, have brought their state law claims under the Texas Tort Claims Act against the City of Midland. *See id.* The Defendant officers are immune from claims asserted under Texas law.

CONCLUSION

35.     For these reasons, the Court should grant Defendants' motion and dismiss the claims against Defendants.

Respectfully Submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

*/s/ Norman Ray Giles*
William S. Helfand
Attorney-In-Charge
Texas Bar No. 09388250
Norman Ray Giles
Texas Bar No. 24014084
Randy E. Lopez
Texas Bar No. 24091829

OF COUNSEL:

LEWIS BRISBOIS BISGAARD & SMITH, LLP

24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767
(713) 759-6830 (Fax)
Attorneys for Defendants

CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2022, I electronically filed the foregoing document using the CM/ECF system and that a copy of this filing has been forwarded to all counsel of record through and in accordance with the ECF local rules.

_/s/ Norman Ray Giles_
Norman Ray Giles